UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re.                                                           No. C 07-477 SI (pr)

MELVIN LYNN HUFFMAN,                          **ORDER OF DISMISSAL**

        Plaintiff.
_____/

      Melvin Lynn Huffman, an inmate at the Salinas Valley State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. In his complaint, Huffman repeats the allegations made in a habeas petition filed the same day in Huffman v. Evans, No. C 07-476 SI. He alleges that he was denied a fair trial because the trial court refused to provide funds for him to hire an expert witness and alleges that his attorney provided ineffective assistance of counsel by failing to obtain certain phone records to show that a witness perjured himself. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

      A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The <u>Heck</u> rule precludes plaintiff from obtaining damages at this time for the alleged constitutional violations in connection with his criminal trial. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. <u>See id.</u> at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. <u>See id.</u> The <u>Heck</u> rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction <u>in</u> a civil rights action for damages; the decision must have been successfully attacked <u>before</u> the civil rights action for damages is filed. <u>Heck</u> bars any claim for damages for the alleged violations of Huffman's right to a fair trial. These causes of action for damages would not accrue until the conviction is set aside.

A petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this court. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Huffman filed a petition for writ of habeas corpus on the same day he filed this action.

Because any action for damages must be dismissed under <u>Heck</u> and any challenge to the criminal conviction must be by way of a habeas petition, this action will be dismissed. This dismissal is without prejudice to Huffman filing a civil action for damages concerning his conviction and trial but not unless and until his conviction has been set aside. The clerk shall close the file.

IT IS SO ORDERED.

Dated: April 10, 2007

_____
SUSAN ILLSTON
United States District Judge

2